JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| John Wolfe | United States Postal Service<br>Yvette Mali |
| **(b)** County of Residence of First Listed Plaintiff _____<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>Marc T. Sacchetta, Esquire, Sacchetta & Falcone<br>308 E. 2nd St., Media, PA 19063, 610-891-2797 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[x] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury<br>[ ] 362 Personal Injury - Medical Malpractice | [ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157 | [ ] 375 False Claims Act<br>[ ] 376 Qui Tam (31 USC 3729(a))<br>[ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit (15 USC 1681 or 1692)<br>[ ] 485 Telephone Consumer Protection Act |
| | **PERSONAL INJURY**<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 835 Patent - Abbreviated New Drug Application<br>[ ] 840 Trademark<br>[ ] 880 Defend Trade Secrets Act of 2016 | [ ] 490 Cable/Sat TV<br>[ ] 850 Securities/Commodities/ Exchange<br>[ ] 890 Other Statutory Actions<br>[ ] 891 Agricultural Acts<br>[ ] 893 Environmental Matters<br>[ ] 895 Freedom of Information Act |
| | **PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | **LABOR**<br>[ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Management Relations<br>[ ] 740 Railway Labor Act<br>[ ] 751 Family and Medical Leave Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Employee Retirement Income Security Act | **SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g)) | [ ] 896 Arbitration<br>[ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>[ ] 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>[ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | **CIVIL RIGHTS**<br>[ ] 440 Other Civil Rights<br>[ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 445 Amer. w/Disabilities - Employment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>[ ] 463 Alien Detainee<br>[ ] 510 Motions to Vacate Sentence<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>**Other:**<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br>[ ] 560 Civil Detainee - Conditions of Confinement | **FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609<br><br>**IMMIGRATION**<br>[ ] 462 Naturalization Application<br>[ ] 465 Other Immigration Actions | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC § 1391

Brief description of cause:
Motor Vehicle Accident

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE: 2/27/26

SIGNATURE OF ATTORNEY OF RECORD: /s/Marc T. Sacchetta, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 04/21)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: **federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

10/2024

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Coebourn Blvd near Chandler Drive in Brookhaven Borough, Delaware County, Pennsylvania.

---

*RELATED CASE IF ANY:* Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?    Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ is / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Wage and Hour Class Action/Collective Action
6. ☐ Patent
7. ☐ Copyright/Trademark
8. ☐ Employment
9. ☐ Labor-Management Relations
10. ☐ Civil Rights
11. ☐ Habeas Corpus
12. ☐ Securities Cases
13. ☐ Social Security Review Cases
14. ☐ Qui Tam Cases
15. ☐ Cases Seeking Systemic Relief  *see certification below*
16. ☐ All Other Federal Question Cases. *(Please specify):*_____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☒ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):*_____
7. ☐ Products Liability
8. ☐ All Other Diversity Cases:  *(Please specify)*_____
   _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JOHN WOLFE                              :
          *Plaintiff*          :
                           :
    v.                                 :
                           :
UNITED STATES POSTAL SERVICE            :
   and                             :
YVETTE MALI                             :
          *Defendant*          :          **JURY TRIAL DEMANDED**

**CIVIL ACTION COMPLAINT**

**I.**      **PARTIES**

    1. Plaintiff, John Wolfe, is an adult individual and citizen of the Commonwealth of

Pennsylvania, residing there in 4838 Greenwood Street, Brookhaven, PA 19015.

    2. Defendant, United States Postal Service, was and is now an agency of the

executive branch of the United States federal government, with headquarters located at 475

L'Enfant Plaza SW, Washington, DC 20260.

    3. Defendant, Yvette Mali, is an adult individual and citizen of the State of

Delaware, residing there at 207 Baldt Avenue, New Castle, DE 19720.

**II.**     **JURISDICTION AND VENUE**

    4. Jurisdiction is conferred upon this Court by virtue of 39 U.S.C. § 409.

    5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial

part of the events or omissions giving rise to the within claims occurred within the District.

**III.**    **STATEMENT OF CLAIMS**

    6. At all times relevant hereto, Defendant, United States Postal Service, acted by and

through its agents, servants, employees, workmen and/or other representatives, who were, in turn,

acting within the course and scope of their employment, agency and/or service for the same.

7. The facts and occurrences herein stated took place on or about March 16, 2024, at or about Coebourn Blvd near Chandler Drive in Brookhaven Borough, Delaware County, Pennsylvania.

8. At the aforesaid time and place, Plaintiff was operating a motorcycle eastbound on Coebourn Blvd at, or near, Chandler Drive in Brookhaven Borough, Delaware County, Pennsylvania.

9. At the aforesaid time and place, Defendant Yvette Mali was operating a U.S. mail vehicle westbound on Coebourn Blvd at or near Chandler Avenue when suddenly, and without warning, she carelessly attempted to make a u-turn and struck Plaintiff as he was operating his motorcycle.

10. At all times relevant hereto, Defendant Yvette Mali was operating the U.S. mail vehicle as the employee, agent, workmen and/or servant of Defendant United States Postal Service.

11. At the aforesaid time and place, due to the negligence of Defendants the violent collision occurred when Defendant Yvette Mali was driving while distracted, failed to keep said U.S. mail vehicle in the proper lane of travel, yield to traffic, failed to obey traffic controls, was driving while distracted, failed to stop and struck Plaintiff while he was operating his motorcycle, causing Plaintiff to suffer severe injury.

12. As a result of the negligence and recklessness of the Defendants, Plaintiff sustained injuries as set forth below.

## COUNT I - NEGLIGENCE

## JOHN WOLFE V. UNITED STATES POSTAL SERVICE

13. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

14. Herein named defendant was negligent and careless in the following ways:

      a.     entrusted, or by and through its agents, servants, workmen and employees allowed to be entrusted, the motor vehicle for which it owned, insured, and/or rented, to defendant, United States Postal Service, after it knew or should have known that she was not competent to operate the motor vehicle in a safe manner; and

      b.     allowed defendant, Yvette Mali, to operate the motor vehicle, which motor vehicle was operated in a careless and negligent fashion as stated herein.

15. As a result of the aforesaid accident, plaintiff suffered severe injuries, including but not limited to, left knee injuries, left elbow injuries, bumps, bruises and scrapes.

16. As a result of his injuries, plaintiff has undergone in the past and will in the future continue to undergo great pain and suffering.

17. As a direct result of the aforesaid injury, plaintiff suffered severe shock to his nervous system, great physical pain, and mental anguish, all of which may continue for an indefinite period of time into the future.

18. As a result of his injuries, plaintiff has suffered a permanent diminution of his ability to enjoy life and life's pleasures.

19. Plaintiff has been compelled to expend various sums of money for medication and medical attention in attempting to remedy the aforementioned injuries.

20. As a result of his injuries, plaintiff has incurred and may in the future continue to incur unreimbursed wage loss and medical expenses.

21. As a result of his injuries, plaintiff may have suffered a permanent disability and a permanent impairment of his earning power and capacity.

22. As a direct result of the injury, plaintiff has been prevented from attending to his usual duties and obligations and believes that he may be prevented from so doing in the future, as his injuries seem to be permanent in nature.

WHEREFORE, plaintiff demands judgment against the defendant for damages, including punitive damages, interest, costs and all other awards permitted under the law.

## COUNT II
## JOHN WOLFE V. UNITED STATES POSTAL SERVICE

23. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

24. At the time of the collision and negligence of defendants as described herein, defendant Yvette Mali, was then and there engaged in furthering defendant Yvette Mali and United States Postal Service's interests, activities, affairs, or business.

25. Defendant is vicariously liable to plaintiff for the injuries plaintiff sustained as a result of their agent, servant, workman, and/or employee, defendant, Yvette Mali, whose conduct was under their control or right of control and directly caused harm to plaintiff as described herein.

26. At all relevant times hereto, defendant Yvette Mali was acting within the scope of her employment as agent, servant, employee, director or officer of said defendant.

27. As a result of the aforesaid accident, plaintiff suffered severe injuries, including but not limited to, left knee injuries, left elbow injuries, bumps, bruises and scrapes.

28. As a result of his injuries, plaintiff has undergone in the past and will in the future continue to undergo great pain and suffering.

29. As a direct result of the aforesaid injury, plaintiff suffered severe shock to his nervous system, great physical pain, and mental anguish, all of which may continue for an indefinite period of time into the future.

30. As a result of his injuries, plaintiff has suffered a permanent diminution of his ability to enjoy life and life's pleasures.

31. Plaintiff has been compelled to expend various sums of money for medication and medical attention in attempting to remedy the aforementioned injuries.

32. As a result of his injuries, plaintiff has incurred and may in the future continue to incur unreimbursed wage loss and medical expenses.

33. As a result of his injuries, plaintiff may have suffered a permanent disability and a permanent impairment of his earning power and capacity.

34. As a direct result of the injury, plaintiff has been prevented from attending to his usual duties and obligations and believes that he may be prevented from so doing in the future, as his injuries seem to be permanent in nature.

WHEREFORE, plaintiff demands judgment against the defendant for damages, including punitive damages, interest, costs and all other awards permitted under the law.

## COUNT III
## JOHN WOLFE v. YVETTE MALI

35. Plaintiff incorporates herein all preceding paragraphs of this Complaint as though fully set forth at length.

36. The negligence of the defendant consisted of:

a. operating the vehicle at an excessive rate of speed under the circumstances;

b. failing to have the vehicle under proper and adequate control;

c. failing to apply the brakes in time to avoid a collision;

d. negligently applying the brakes;

e. failing to observe other vehicles on the roadway;

f. failing to operate the vehicle in accordance with existing traffic conditions and traffic controls;

g. failing to drive at a speed and in a manner consistent with keeping the vehicle under control;

h. failing to keep a reasonable lookout for other vehicles;

i. operating the vehicle in a manner not consistent with the road and weather conditions prevailing at the time;

j. failing to have the vehicle under proper and adequate control;

k. operating the vehicle while distracted;

l. operating the vehicle while using a cell phone;

m. operating the vehicle in an inattentive manner;

n. operating a vehicle for an excessive amount of time in violation of the standards, regulations and/or law;

o. failing to properly observe and react to conditions existing at the time of the incident;

p. failing to remain attentive;

q. driving in careless disregard for the safety of persons;

        r.      violating and failing to adhere to applicable statutes, ordinances, rules, regulations and standards governing or regulating the operation of vehicles;

        s.      otherwise operating said vehicle in a negligent manner and in a manner violating the motor vehicle code of the State of Pennsylvania.

37. As a result of the aforesaid accident, plaintiff suffered severe injuries, including but not limited to, left knee injuries, left elbow injuries, bumps, bruises and scrapes.

38. As a result of his injuries, plaintiff has undergone in the past and will in the future continue to undergo great pain and suffering.

39. As a direct result of the aforesaid injury, plaintiff suffered severe shock to his nervous system, great physical pain, and mental anguish, all of which may continue for an indefinite period of time into the future.

40. As a result of his injuries, plaintiff has suffered a permanent diminution of his ability to enjoy life and life's pleasures.

41. Plaintiff has been compelled to expend various sums of money for medication and medical attention in attempting to remedy the aforementioned injuries.

42. As a result of his injuries, plaintiff has incurred and may in the future continue to incur unreimbursed wage loss and medical expenses.

43. As a result of his injuries, plaintiff may have suffered a permanent disability and a permanent impairment of his earning power and capacity.

44. As a direct result of the injury, plaintiff has been prevented from attending to his usual duties and obligations and believes that he may be prevented from so doing in the future, as his injuries seem to be permanent in nature.

WHEREFORE, Plaintiff, John Wolfe, demands judgment against Defendant, United

States Postal Service and Yvette Mali, in an amount in excess of One-Hundred Fifty-Thousand

Dollars ($150,000.00).

                                SACCHETTA & FALCONE


                        By:    /s/Marc T. Sacchetta, Esquire
                                MARC T. SACCHETTA, ESQUIRE
                                Attorney for Plaintiff

Docusign Envelope ID: 55B36811-3A76-4A4A-A214-6605D831A4AC

I, John Wolfe, confirm that I have retained Marc T. Sacchetta, Esquire and the law firm of Sacchetta & Falcone to represent me with regard to my personal injury claim against the United States Postal Service for an incident which is alleged to have occurred on March 16, 2024. I have retained Mr. Sacchetta and his law firm to handle any and all legal aspects of this claim.


*John Wolfe*

JOHN WOLFE


Dated: 5/12/2025